UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-CV-60791-Seitz-O'Sullivan

JEFFREY D. BIANCHI,

    Plaintiff,

v.

ENCORE RECEIVABLE MANAGEMENT, INC.,

    Defendant.

_____/

FILED by VT D.C.
ELECTRONIC
May 28, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA"). Plaintiff also alleges a state law tort for intrusion upon seclusion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, JEFFREY D. BIANCHI, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., is believed to be a corporation with its principal place of business at 400 Rogers Road, Olathe, Kansas 66062.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

<u>May 19, 2008</u>
Hi, this message is for Jeffrey Bianchi. This is Ms. Sutton giving you a documented phone call today in reference to a complaint that was issued against you here in my office. I need to speak to either yourself or your attorney representing you. Please be advised this is not a sales or a solicitation call. The number for you to contact me back is 877-409-2089 at

2

extension 258. You would need to refer to your file number 10994334. Thank you.

May 26, 2008
Hi, this message is for Jeffrey Bianchi. This is Ms. Sutton giving you a documented recorded phone call today, May 26, 2008. Giving you a call in reference to this pending business matter that has been filed against your name and social here in my office. I need to hear back from either yourself or your attorney representing you. Mr. Bianchi, this is not a sales or a solicitation call. Once again this message is for Jeffrey Dennis Bianchi. This is Ms. Sutton. I can be reached at 877-409-2089, extension 258. You would need to reference your file number 10994334. Thank you.

May 28, 2008
Hi, this message is for you, Mr. Bianchi. This is Ms. Sutton giving you a call once again in reference to your business matter that does require your immediate attention. You didn't want me to contact you at your job, but I have already left you 20 documented recorded messages on your cell phone. It would be in your best interest that you contact me back. This is Ms. Sutton. I can be reached at 877-409-2089, extension 258.

June 4, 2008
Hi, this message is for you, Jeffrey Bianchi. This is Ms. Sutton giving you a call pertaining to your urgent business matter. I need to hear back from you or your attorney who is representing you. This is not a sales or solicitation call. The number for you to reach me is 877-409-2089, to my direct extension 258. Thank you.

June 7, 2008
Hi, this message is for Jeffrey Bianchi. This is Ms. Sutton giving you a call in reference to your business matter that is here in my office. I need to hear back from you as soon as you receive this message. This is not a sales or solicitation call. This is Ms. Sutton. I can be reached at 877-409-2089, at extension 258.

July 3, 2008
Message for Jeffrey Bianchi. Mr. Bianchi, this is Neil Icolt with Encore Receivable Management. Sir, it is important you do return the call. This matter was just placed in my office today. Sir, I guess it was...the matter was ignored in the past. Sir, it is time to deal with this issue before the

3

recommendation is made on your behalf. My number is 1-877-409-2089. I will be available until 9 PM Central this evening, which is 10 Florida time. You can reach me. Sir, again the number is 1-877-409-2089.

July 11, 2008
Jeffrey Bianchi. This is Neil with Encore Receivable Management. Mr. Bianchi, return this call today. The number here is 1-877-409-2089. Sir, by ignoring this matter, you are not taking responsibility. You need to return the call and resolve the issue. My number is 1-877-409-2089. Jeff, do make the decision and return the call.

July 15, 2008
Hi. This message is for Jeffrey Bianchi. Mr. Bianchi, this is Neil with Encore Receivable Management. Return the call to my office at 1-877-409-2089. This is not a sales or a solicitation call. It is pertaining to a business matter for yourself, sir. 1-877-409-2089. Thank you.

July 28, 30, August 5, 6, 7, 13, 2008 **PRE-RECORDED MESSAGES**
sales or a solicitation call. My number again is 1-877-409-2089. Thank you.

11. Based upon information and belief, Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector, and, in some of the messages, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

4

14. Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

15. Defendant telephoned Plaintiff's place of employment on more than one occasion informing Plaintiff's co-workers that it was urgent that Plaintiff or his attorney contact Defendant immediately about an important legal matter.

16. Plaintiff did not authorize Defendant to communicate with his co-workers.

17. No court authorized Defendant to communicate with Plaintiff's co-workers.

18. Plaintiff's co-workers had no legitimate business need for the information communicated to them by Defendant.

19. Defendant knew or had reason to know that Plaintiff's co-workers had no legitimate business need for the information communicated to them by Defendant.

20. Defendant's calls to Plaintiff's co-workers contained information affecting Plaintiff's reputation.

21. Defendant communicated with Plaintiff's co-workers in an effort to harass, abuse, embarrass and shame Plaintiff for the purpose of extracting payment from Plaintiff for the alleged debt.

5

22. Defendant telephoned Plaintiff at his place of employment on numerous occasions, including but not limited to, on or about May 29, 2008, July 3, 2008, July 11, 2008, July 14, 2008, July 29, 2008, and July 30, 2008, all done after Plaintiff had informed Defendant that such calls were inconvenient to him because such calls jeopardized his continued employment.

23. On or about May 29, 2008, Defendant's representative, identifying herself as Ms. Sutton, telephoned Plaintiff at his place of employment. Plaintiff protested that he had previously told Ms. Sutton to stop calling him at his place of employment because such calls jeopardized his continued employment. Ms. Sutton informed Plaintiff that she did not care if he lost his job.

24. During the latter part of July 2008 Defendant informed Plaintiff that Defendant would continue to call Plaintiff at his place of employment until Plaintiff sent Defendant a written notice to stop calls such calls, that the notice must be delivered to Defendant by US Mail within 7 days of that date, and that this purported requirement was imposed by federal law.

25. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

26. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone

6

dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

28. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

29. Plaintiff incorporates Paragraphs 1 through 28.

30. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

31. Plaintiff incorporates Paragraphs 1 through 28.

32. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## REPEATED CALLING IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff incorporates Paragraphs 1 through 28.

34. Defendant caused both Plaintiff's cellular telephone and his work telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

8 of 18

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE SENSE OF URGENCY

35.    Plaintiff incorporates Paragraphs 1 through 28.

36.    Defendant created a false sense of urgency in telephone calls and messages to both Plaintiff's co-workers and to Plaintiff in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## FALSE THREAT OF LITIGATION

37.    Plaintiff incorporates Paragraphs 1 through 28.

38. In Defendant's telephone calls to both Plaintiff's co-workers and to Plaintiff, Defendant falsely, deceptively and misleadingly implied that litigation to collect the alleged debt was imminent in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT VI
### FALSE STATEMENTS REGARDING THE LAW CONCERNING THE CESSATION OF TELEPHONE CALLS TO PLACE OF EMPLOYMENT

39. Plaintiff incorporates Paragraphs 1 through 28.

40. Defendant made a false, misleading and deceptive statement when Defendant informed Plaintiff that he must send Defendant a written notice to stop calls to his place of employment, that the notice must be delivered to Defendant by US Mail within 7 days of that date, and that this purported requirement was imposed by federal law. These statements are in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

10

c.  Such other or further relief as the Court deems proper.

## COUNT VII
## UNAUTHORIZED COMMUNICATION WITH THIRD-PARTIES IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff incorporates Paragraphs 1 through 28.

42. Defendant communicated with unauthorized third-parties, Plaintiff's co-workers, in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT VIII
## UNAUTHORIZED COMMUNICATION WITH THIRD-PARTIES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

43. Plaintiff incorporates Paragraphs 1 through 28.

44. Defendant communicated, without Plaintiff's consent, information affecting Plaintiff's reputation to Plaintiff's co-workers who had no legitimate business need for the information in violation of Fla. Stat. §559.72(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

11

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IX
## CALLS MADE TO PLACE OF EMPLOYMENT IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

45.    Plaintiff incorporates Paragraphs 1 through 28.

46.    Defendant telephoned Plaintiff at his place of employment on numerous occasions after Plaintiff had informed Defendant that such calls were inconvenient to him because such calls jeopardized his continued employment in violation of 15 U.S.C §1692c(a)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT X
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

47.    Plaintiff incorporates Paragraphs 1 through 28.

48.    Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name, that it is a debt

collector and the purpose of its communications, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, by telephoning Plaintiff's co-workers, and by continuing to telephone Plaintiff at his place of employment after being told to stop, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT XI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

49. Plaintiff incorporates Paragraphs 1 through 28.

50. By failing to disclose its name, that it is a debt collector and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, by telephoning Plaintiff, both on his cellular telephone and at his place of employment, with such frequency at can be reasonably be expected to harass Plaintiff, by telephoning Plaintiff's co-workers

and by continuing to telephone Plaintiff at his place of employment after being told to stop, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT XII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

51.    Plaintiff incorporates Paragraphs 1 through 28.

52.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages; and

    b.    Such other or further relief as the Court deems proper.

## COUNT XIII
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

53. Plaintiff incorporates Paragraphs 1 through 28.

54. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

55. Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

56. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

57. Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

58. These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages; and

c. Such other or further relief as the Court deems proper.

## COUNT XIV
## DECLARATORY AND INJUNCTIVE RELIEF

59. Plaintiff incorporates Paragraphs 1 through 28.

60. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

61. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

62. Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

63. Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a. declaring that Defendant's practices violate the TCPA and the FCCPA;

b. permanently injoining Defendant from engaging in the violative practices; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

16

Plaintiff demands trial by jury.

Dated this __27__ day of May, 2009.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>donyarbrough@mindspring.com
>
>By: _____
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658

17

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Jeffrey D. Bianchi

**DEFENDANTS**

Encore Receivable Management, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:09 CV 60791 - Seitz - O'Sullivan

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** ___1-2___ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane     ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander     ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine     PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability    ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle    ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability    ☐ 380 Other Personnel Property Damage | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury    ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act |  | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment    ☐ 530 General* | ☐ 790 Other Labor Litigation | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations    ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare    ☐ 540 Mandamus & Other* |  | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights    ☐ 550 Civil Rights *A or B |  |  | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property |  |  |  |  |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION No   DEMAND $ N/A   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: May __, 2009   SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 546397   Amount: 350.00
Date Paid: _____   M/ifp: _____

FTL/LINP/266449/5pld01!.DOC/5/27/09/26094.010400
18 of 18